### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

BILLY HOWARD,

                    Petitioner,                    Case Number: 2:16-cv-13883
                                                                HON. VICTORIA A. ROBERTS

v.

RANDALL HAAS,

                    Respondent.

_____/

### OPINION AND ORDER
### DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT
### PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Billy Howard filed a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254.  He is incarcerated at the Macomb Correctional Facility in New Haven,

Michigan.  He challenges his convictions for three counts of assault with intent to commit

murder, felonious assault, discharging a firearm from a motor vehicle, felony firearm, and

felon in possession of a firearm.  It is apparent from the face of the petition that Howard

has not exhausted his state court remedies.  Howard argues that the state court's

inordinate delay in adjudicating his direct appeal should excuse the exhaustion

requirement.  The Court finds no inordinate delay in the state court's processing of

Howard's direct appeal and dismisses the petition without prejudice.

**I.**

Howard was convicted following a jury trial in Wayne County Circuit Court.  On

February 18, 2014, he was sentenced to 16 to 30 years' imprisonment for each assault with intent to murder conviction, 1 to 4 years' imprisonment for the felonious assault and discharging a firearm from a motor vehicle convictions, 1 to 5 years' imprisonment for the felon in possession conviction, and 2 years' imprisonment for the felony-firearm conviction.

Howard filed an appeal of right in the Michigan Court of Appeals, which was docketed on March 5, 2014.  On May 28, 2015, the Michigan Court of Appeals remanded the matter to the trial court for an evidentiary hearing on Howard's ineffective assistance of counsel claim.  *People v. Howard*, No. 320695 (Mich. Ct. App. May 28, 2015).  A review of the trial court and Michigan Court of Appeals' dockets shows that the *Ginther* hearing took place on at least part of eight separate days spanning from September 25, 2015 through April 2016.  The trial court apparently found no misconduct and the matter was returned to the Michigan Court of Appeals on September 21, 2016.  It appears that the parties are in the process of filing supplemental briefs in the Michigan Court of Appeals.

## II.

### A.

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief."  Rule 4, Rules Governing Section 2254 cases.  If the court determines that the petitioner is not entitled to relief, the court

shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition does not present grounds which may establish the violation of a federal constitutional right. The petition will be dismissed.

## B.

Before a federal habeas court may grant relief, a state prisoner must exhaust available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989). If a habeas petitioner has the right under state law to raise a claim by any available procedure, the prisoner has not exhausted that claim. 28 U.S.C. § 2254(b), (c). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). A habeas petitioner bears the burden to demonstrate that the available state court remedies have been properly and fully exhausted. *Prather v. Rees*, 822 F.2d 1418, 1420 n. 3 (6th Cir. 1987).

The exhaustion requirement may be excused where "circumstances exist that render [the State corrective] process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). "Inordinate delay in adjudicating state court claims" may qualify as a circumstance excusing exhaustion "especially where ... the state clearly is responsible for the delay." *Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992). A habeas petitioner who makes "frequent but unavailing requests to have his appeal

3

processed" in the state courts should not be "not required to take further futile steps in state court in order to be heard in federal court."  *See Turner v. Bagley*, 401 F.3d 718, 726 (6th Cir. 2005).

Howard fails to show that there has been an inordinate delay in processing his state court appeal.  In *Workman*, the Sixth Circuit excused a habeas petitioner's failure to exhaust his state post-conviction remedies where the petitioner's motion for post-conviction relief "languished" in the state courts for more than three years without the state court making a decision. *Workman*, 957 F.2d at 1344.  In contrast, while Howard's direct appeal was filed well over two years ago, it has not been languishing. The record shows the appeal has been actively litigated since its filing.  After the Michigan Court of Appeals remanded for an evidentiary hearing, the trial court held that hearing over the course of eight days; numerous briefs and replies were filed; several enlargements of time were granted (at least two of which were requested by Howard). While the process in state court has been lengthy, the record clearly reflects that the state corrective process is robustly engaged.  It would be impractical and unseemly for this Court to adjudicate a habeas corpus petition while Howard's direct appeal remains pending.

The habeas corpus petition is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

 S/Victoria A. Roberts                      
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated:   December 9, 2016